IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ELLEN MCCRANIE

        Plaintiff,

vs.                                                          CASE NO. 1:12-cv-128-GRJ

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

        Defendant.
_____/

# O R D E R

Plaintiff appeals to this Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's applications for disability benefits. Doc. 1. The Commissioner has answered, Doc. 9, and both parties have filed briefs outlining their respective positions. Docs. 17, 22. The parties have consented to have the undersigned U.S. Magistrate Judge conduct all proceedings in this case. Docs. 14, 15, 19. For the reasons discussed below, the Commissioner's decision is due to be **REVERSED AND REMANDED** pursuant to the fourth sentence of 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act (the "Act") on September 28, 2010, alleging disability commencing October 12, 2009. Her application was denied initially and upon reconsideration.

Plaintiff then filed a timely request for an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on June 24, 2011. The ALJ

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this case.

issued a decision unfavorable to Plaintiff on July 19, 2011. R. 25. Specifically, the ALJ determined that if Plaintiff stopped substance abuse, she would still retain the residual functional capacity ("RFC") to perform a full range of work at all exertional levels except she would be limited to unskilled work dealing primarily with objects rather than data or people. *Id*. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review on April 17, 2012. R. 1-5.

Plaintiff filed the instant complaint on June 14, 2012, asserting three grounds in opposition to the Commissioner's decision: (1) The ALJ's statements that the record does not reveal treatment for anything other than a substance abuse disorder is unsupported by the medical records; (2) the ALJ failed to incorporate the state agency psychologist's limitations regarding adaptation into the mental residual functional capacity assessment; and (3) The Appeals Council abused its discretion in failing to remand the case for further review after Plaintiff submitted opinions from her treating psychiatrists specifically setting forth the extent of her limitations even if she stopped drinking.

Because the Court concludes that substantial evidence does not support the ALJ's conclusion that Plaintiff did not receive treatment for anything other than a substance abuse order, and because the treating physician's opinions reflect that Plaintiff would have marked limitations even if she stopped drinking, and such errors require remand for further proceedings, only the first and third grounds asserted in the Complaint will be discussed.

## II. <u>STANDARD OF REVIEW</u>

The Commissioner's findings of fact are conclusive if supported by substantial

evidence.[2] Substantial evidence is more than a scintilla, i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.[3]

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.[4] The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.[5] However, the district court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law.[6]

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death, or has lasted or can be expected to last for a continuous

---

[2] *See* 42 U.S.C. § 405(g) (2000).

[3] Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)); *accord,* Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

[4] Edwards, 937 F.2d at 584 n.3; Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).

[5] Foote, 67 F.3d at 1560; *accord,* Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (holding that the court must scrutinize the entire record to determine reasonableness of factual findings); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (finding that the court also must consider evidence detracting from evidence on which the Commissioner relied).

[6] Keeton v. Dep't Health and Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994).

period of not less than twelve months.[7] The impairment must be severe, making Plaintiff unable to do her previous work, or any other substantial gainful activity which exists in the national economy.[8]

The ALJ must follow five steps in evaluating a claim of disability.[9] First, if a claimant is working at a substantial gainful activity, he is not disabled.[10] Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled.[11] Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled.[12] Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled.[13] Fifth, if a claimant's impairments (considering his residual functional capacity ("RFC"), age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled.[14]

---

[7] 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505 (2005) (All further references to 20 C.F.R. will be to the 2005 version unless otherwise specified.).

[8] 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

[9] 20 C.F.R. §§ 404.1520, 416.920. The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. Carnes v. Sullivan, 936 F.2d 1215, 1218 (11th Cir. 1991).

[10] 20 C.F.R. § 404.1520(b).

[11] 20 C.F.R. § 404.1520(c).

[12] 20 C.F.R. § 404.1520(d).

[13] 20 C.F.R. § 404.1520(e).

[14] 20 C.F.R. § 404.1520(f).

## III. SUMMARY OF FINDINGS BY ALJ

The ALJ's findings that are relevant to Plaintiff's first and third issues on appeal may be summarized as follows. The ALJ found that Plaintiff has the severe impairments of mood disorder NOS, personality disorder NOS, and substance abuse disorder. The ALJ further found that these impairments, including the substance abuse disorder, meet the listings. In particular, the ALJ determined that the paragraph "A" criteria are satisfied because Plaintiff has "thoughts of suicide and intense and unstable interpersonal relationships and impulsive and damaging behavior." R. 24. The ALJ determined that the paragraph "B" criteria are satisfied because Plaintiff's mental impairments, including the substance use disorder, cause at least two marked limitations or one marked limitation and repeated episodes of decompensation. The ALJ found that Plaintiff has marked limitations in concentration, persistence, or pace, a deficit that she found it directly related to Plaintiff's alcohol abuse. Plaintiff has experienced four or more episodes of decompensation, having been repeatedly Baker Acted and admitted to CSU for treatment following numerous suicide attempts. *Id*. at 24-25. The ALJ found that Plaintiff's allegations regarding the severity of her symptoms and limitations were credible, including Plaintiff's allegations that she suffers from depression and suicidal ideations in addition to substance abuse. *Id*. at 25. In assessing Plaintiff's claims, the ALJ observed that "there are no medical opinions in the evidence other than those of the State Agency physicians." *Id.*

If a claimant is initially disabled when considering substance abuse, the ALJ must evaluate the claimant's physical and mental limitations that would remain if the claimant were to stop using alcohol and drugs. 20 C.F.R. § 404.1535(b)(2). Substance

abuse is deemed a "contributing factor material" to the finding of disability if, presuming the claimant were to stop abusing substances and considering the claimant's remaining limitations, those remaining limitations would not independently be disabling. 20 C.F.R. § 404.1535(b)(2)(ii). If substance abuse is a "contributing factor material" to the finding of disability, then the Act precludes a finding of disability. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J).

In this case, the ALJ concluded that if Plaintiff stopped the substance abuse, she would not have an impairment or combination of impairments that met or equalled the listings. In making this determination, the ALJ stated that "no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." R. 25. The ALJ further determined that "[b]ecause all of the claimant's treatment has been for her substance addiction abuse and no other impairment, there is nothing to suggest that she would have more than mild to moderate limitations in these functional areas if she stopped abusing alcohol. As for episodes of decompensation, the claimant would experience no episodes of decompensation if the substance use was stopped. All of the claimant's episodes of decompensation were directly related to her alcohol abuse[.]" R. 25-26. The ALJ reiterated her view that Plaintiff had no treatment for mental impairments apart from substance abuse, stating "[i]f her other conditions were interfering with her ability to work, I would expect to see more evidence of treatment for those problems. However *there is no treatment for anything other than her substance addiction disorder.*" *Id*. at 27 (emphasis added).

## IV. **DISCUSSION**

Plaintiff contends that the ALJ factually erred in determining that Plaintiff was

only receiving treatment for substance addiction, a conclusion that obviously was central to the ALJ's denial. The record supports the Plaintiff's claim. In particular, as summarized by Plaintiff, the record reflects treatment with psychotropic medications and diagnoses for mental impairments other than alcohol abuse:

> Tr. 272 (mood disorder); 278 (mood disorder); 283 (mood disorder); 304 (Meridian, major depressive disorder, rule out bipolar, increase Paxil dose); 307 (Meridian, major depressive disorder, Wellbutrin and Paxil prescribed); 312 (Meridian, major depressive disorder, Wellbutrin and Paxil); 326-330(Alliance, depression, generalized anxiety disorder (GAD), increase Paxil; 343 (Putnam Community, major depression, possible bipolar depression, added Abilify); 367 (Meridian, mood disorder, atypical affective psychosis); 390 (Munroe Medical Center, "when she gets depressed, she drinks.... had a stressful Thanksgiving so she left her home so she could drink," depression); 401-402 (Munroe Medical Center, took 6-8 xanax over "the past 8 hours to get over the stress of Thanksgiving," diagnosis of anxiety and depression and intentional overdose, suicide gesture); 423-424 (Meridian, depression, recent suicide attempt over Thanksgiving, suicide watch, depression, borderline personality disorder); 434 (Meridian, ". . . appears to be consumed with thoughts of 'what it would be like to commit suicide' as if she would be able to watch herself".. . 'I once thought of shooting myself in the head . . .
" 'client appears to fantasize with suicideas she records at least 9 unsuccessful attempts this year using the same method'. . . went outside to fire a few shots at tree to 'get myself familiar with pulling the trigger'), mood disorder; 438 (Meridian, major depressive disorder, recurrent, personality disorder, prescribed Paxil and Wellbutrin); 441-455 (Meridian notes, depressive disorder, borderline personality disorder,"relapses due to increased depression", Wellbutrin and Paxil, Risperdal); 449 (Meridian, mood disorder, borderline personality disorder, prescribed Paxil and Risperdal).

*See* Doc. 17.

Further, while the ALJ concluded that Plaintiff's treatment for mental impairments all stemmed from substance abuse, the ALJ did not explain why evidence to the contrary should be discounted. In particular, the ALJ credited Plaintiff's testimony regarding the severity and limiting effects of her symptoms, but the ALJ's conclusions do not account for Plaintiff's testimony regarding the relationship between her mental

impairments and substance abuse. Plaintiff testified that her drinking stems from "freaking out" and being unable to handle job stress. She testified that she becomes nervous and does not "feel like being part of this world anymore," and agreed that she uses alcohol to alleviate her symptoms and to try to "get out of the world." R. 47. This testimony, if credited, reflects mental impairments arguably distinct from Plaintiff's substance abuse.

The ALJ's findings were influenced by her observation that "no treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." R. 25. Such findings are now part of the record before the Court, in the form of opinions from treating physicians Dr. Urban and Dr. Zhang that were presented to the Appeals Council. Tr. 523-528.

Dr. Urban treated Plaintiff in July and August 2010 for depression. Dr. Urban opined that even if Plaintiff stopped using alcohol, she would continue to have moderate limitations in: social functioning; ability to interact appropriately with the general public; ability to accept instructions and respond to supervisors; ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; and the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness. He further opined that if Plaintiff stopped alcohol use, she would continue to have marked limitations in concentration, persistence and pace and would still have moderate limitations in her ability to carry out detailed instructions, maintain attention and concentration, perform activities within a schedule, maintain regular attendance, sustain an ordinary routine without supervision, work in coordination with others without distracting them, make simple work related decisions

and complete a normal workday or workweek without interruptions froma psychiatric based symptom. *Id*.

Dr. Zhang treated Plaintiff in January 2010 through 2011. Dr. Zhang opined that even if Plaintiff stopped using alcohol she would continue to have moderate limitations in: social functioning; ability to interact with the general public; ability to accept instructions and respond to criticism; ability to get along with peers or coworkers without distracting them or exhibiting behavioral extremes; and ability to maintain socially appropriate behavior and adhere to basic neatness. She would continue to have marked limitations in concentration, persistence and pace even if she stopped alcohol use. She would continue to have marked limitations in her ability to carry out detailed instructions, maintain attention and concentration, perform activities within a schedule, sustain an ordinary routine, work in coordination or proximity with others without being distracted by them, and the ability to complete a normal workday and workweek without interruption from psychological symptoms. *Id.*

These treating source opinions relate to the period on or before the ALJ's decision and are plainly material to the decision, in which the ALJ specifically noted the absence of treating source opinions. *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007). It is well-established that substantial or considerable weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless "good cause" is shown to the contrary.[15] If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by

---

[15] *Crawford v. Comm'r of Social Security*, 363 F. 3d 1155, 1159 (11th Cir 2004); 20 C.F.R. § 404.1527(d).

medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.[16]

On this record, the undersigned concludes that remand is necessary for the ALJ to conduct further proceedings to determine whether Plaintiff has a disabling mental impairment, taking into account the extent of her treatment for mental problems in addition to substance abuse, and in view of the treating source opinions.

## VI.  CONCLUSION

For the foregoing reasons, the decision of the Commissioner is **REVERSED AND REMANDED** under sentence four of 42 U.S.C. § 405(g) to the Commissioner so that the Administrative Law Judge may conduct further proceedings consistent with this Order.  The Clerk must enter final judgment in favor of the Plaintiff and close the file.

**DONE AND ORDERED** this 26th  day of August 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[16] 20 C.F.R. § 404.1527(d)(2).